**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MARLON BROWN, | Case No. 2:19-cv-01350-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, ET AL., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Compel Discovery Responses (ECF No. 24) and Motion to Deem Requests for Admission Admitted (ECF No. 25), filed on July 10, 2020. Plaintiff filed a Response (ECF No. 27) on July 17, 2020. Defendants filed Replies (ECF Nos. 28-29) on July 27, 2020. Further, Plaintiff improperly filed a Sur-Reply (ECF No. 31) on August 5, 2020.

This matter is also before the Court on Plaintiff's Motion to Amend Second Amended Complaint (ECF No. 26), filed on July 15, 2020. Defendants filed a Response (ECF No. 30) on July 28, 2020. Any reply was due by August 4, 2020 and to date, none has been filed. The Court finds this matter properly resolved without a hearing. See Local Rule 78-1.

**I.    BACKGROUND**

Defendants seek to receive complete responses to their written discovery – interrogatories and requests for production – and also deem their requests for admission admitted because Plaintiff failed to timely respond despite giving him extensions totaling three months. (ECF Nos. 24-25). Plaintiff contends that he already responded to the best of his ability and will supplement when he retains counsel. (ECF No. 27). Defendants reply that Plaintiff's claim he may obtain counsel does not excuse his failure to timely respond by the March 30, 2020 deadline. (ECF Nos.

28-29). Plaintiff improperly filed a sur-reply in which attaches additional responses to the discovery requests as Exhibit A. (ECF No. 31).

In addition, Plaintiff seeks to add a new claim of negligence and submits a partial proposed Third Amended Complaint for the Court's review. (ECF No. 26). Defendants argue that the proposed complaint is incomplete, the amendment would be futile, and it is an untimely request. (ECF No. 30).

## II.    DISCUSSION

### a.    Defendants' Motion to Compel

Defendants contend that Plaintiff provided some responses to its discovery after the instant Motion was filed, which were not only late, but also, include five responses that he will answer when counsel is retained. The written discovery was timely served on February 25-26, 2020, which is well prior to the current discovery cutoff deadline of August 27, 2020. Defendants worked with Plaintiff to meet and confer on his failure to respond and accorded him extensions until July 6, 2020. As of the date of the filing of the Motion, Plaintiff had not responded. His incomplete responses after the Motion was filed are at issue here.

The Court finds that Plaintiff's failure to timely respond to Defendants' written discovery requests violative of the Federal Rules of Civil Procedure and warrants an order to compel. Rule 33 requires the responding party to serve its answers or any objections within 30 days after being served with written interrogatories. Rule 34 requires a party upon whom document requests are served to respond in writing within 30 days after being served with the requests. The "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Haddad v. Interstate Management Co., LLC*, 2012 WL 398764, * 1 (D. Nev. 2012) (same).

Here, Plaintiff has failed to object to Defendants' discovery requests within the period of time prescribed by the Rules; therefore, Plaintiff has waived any right to object to the requests. Moreover, Plaintiff's provision of responses after the instant Motion was filed does not excuse his untimely action and he shall provide supplemental responses to Defendants' written discovery

within 30 days of the Court's order, without objections and without reservation to some speculative future time in which he may obtain counsel. To the extent that Plaintiff already supplemented his responses and provided them to Defendants, then Defendants shall meet and confer to notify Plaintiff of the remaining requests that need supplementation.

### b. Defendants' Motion to Deem Requests for Admission Admitted

Similarly, Defendants contend that Plaintiff failed to timely respond to the requests for admission despite two extensions to respond. Rule 36(a)(3) provides that a "matter is admitted, unless, within 30 days after being served, the party to whom the request is directed served on the requesting party a written answer or objection. Fed.R.Civ.P. 36(a)(3). "If a matter is not admitted, the answer must specifically or state in detail why the answering party cannot truthfully admit or deny it." Fed.R.Civ.P. 36(a)(4). "On a finding that an answer does not comply with this rule, the court may order that the matter is admitted." Fed.R.Civ.P. 36(a)(6).

Requests for admission are designed to limit factual issues in the case." *Jones v. Skolnik*, 2014 WL 2625000 at *1 (D. Nev. Jun. 12, 2014). "Although the rule permits a party to ask another party to admit the truth of the application of law to facts, requests for admission should not be used to demand that the other party admit the truth of a legal conclusion." *Id*.

As Plaintiff has failed to set forth any satisfactory explanation for his failure to timely respond, the Court finds that Rule 36 must be enforced to deem the requests for admission to be admitted. Although Plaintiff filed a sur-reply, which may be stricken and not considered by the Court as improper under the Local Rules, in the interest of deciding this issue on the merits, the Court will consider it. Plaintiff again does not set forth a ground to deny Defendants' Motion as he again reiterates that he is incarcerated and seeking counsel. Further, he acknowledges that he has been in contact with Defendants during the discovery process so his failure to respond to the requests for admission in a timely manner is not excusable under these circumstances.

### c. Plaintiff's Motion to Amend

"A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) . . . 21 days after service of a motion under Rule 12(b) . . ." Fed.R.Civ.P.

15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2).

Here, the Court already permitted Plaintiff to amend his complaint back on October 2, 2019. (ECF No. 11). Since that time, discovery has commenced, Defendants have answered the Second Amended Complaint, and the deadline to amend the pleadings expired on December 1, 2019. Nevertheless, Plaintiff seeks to amend to add a negligence claim. His only explanation for the addition of this claim is that it "goes along with the illegal seizure and Due Process claims resulting from my 10/3/16 seizure following imprisonment." (ECF No. 26, p. 2). It is not apparent to the Court how this is a new claim that he did not know about prior to the expiration of the deadline to expire given that it dates back to October of 2016. Moreover, he does not provide any citation to the excusable neglect standard to reopen the deadline and amend after it has expired.

Further, his proposed Third Amended Complaint (ECF No. 26-1) is incomplete. It appears to be missing pages as page 2's last sentence is not completed on page 3 and all of the claims are not included. As Defendants' highlight in their Response (ECF No. 30), Plaintiff's failure to attach a complete proposed Third Amended Complaint violates Local Rule 15-1(a) and his Motion should also be denied for that reason.

Finally, Defendants contend that the amendment would be futile as it is nearly identical to his Eighth claim for false arrest/false imprisonment. However, given the fact that Plaintiff's Motion included a paucity of reasoning for the amendment and his attachment was incomplete, the Court will deny his Motion without prejudice. He may file a motion to amend if he believes that he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the second amended complaint) in order to make the new amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a

plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery Responses (ECF No. 24) is **granted**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Deem Requests for Admission Admitted (ECF No. 25) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Second Amended Complaint (ECF No. 26) is **denied without prejudice**.

DATED: August 6, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE